UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| S. USA LIFE INSURANCE COMPANY, INC., <br> Plaintiff, <br><br> v. <br><br> THOMAS J. LEMMEN, <br> Defendant. | CAUSE NO.: 2:22-CV-263-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Expedited Discovery [DE 6], filed September 14, 2022. Defendant Lemmen has been represented by counsel in this matter since October 5, 2022, and has filed no response to the Motion, and the time to do so has expired. Plaintiff requests leave to conduct limited discovery in support of its motion for preliminary injunction.

Plaintiff filed a Complaint for injunctive relief, alleging that Defendant submitted false or fraudulent applications for life insurance policies to Plaintiff in order to receive commissions and bonuses. Plaintiff has filed a motion for temporary restraining order and preliminary injunction and argues that it needs some limited discovery, including nine interrogatories, ten requests for production and thirteen requests for admission, in order to obtain the information it needs to present at a preliminary injunction hearing.

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, but the Court may enter an order allowing early discovery if there is good cause for the request. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . .

1

by court order."); *see also Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 12329547, at *1 (N.D. Ind. Oct. 10, 2013) ("A party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for his request."). "[D]eciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Orlando*, 2013 WL 12329547, at *1 (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011)).

     Plaintiff asserts that the nature and scope of the alleged fraudulent conduct creates a need for expedited discovery to support its motion for preliminary injunction and prevent irreparable injury to Plaintiff's legitimate business interests. The Court recognizes that "[a] pending request for a preliminary injunction is a typical ground that satisfies a good cause standard." *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-CV-01718-SEB, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011). Review of the proposed interrogatories, requests for production, and requests for admission, reveals that they are generally targeted towards the topics likely to be at issue in a hearing on a preliminary injunction, although some of the questions may be over-broad for this stage of the litigation, that the requested information is not available from another source, and that the information is needed in an expedited manner because of the circumstances of the case. If Defendant objects to the questions or parts of the questions and the parties are unable to reach an agreement without Court intervention, Defendant can file a properly-supported motion for protective order.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Expedited Discovery [DE 6]. Plaintiff may immediately serve its requests for admission, requests for production and interrogatories on Defendant. The Court **ORDERS** Defendant to respond within fifteen days of service of the discovery requests and **REMINDS** the parties of the requirement to preserve evidence relevant to the facts and circumstances alleged in the Complaint.

SO ORDERED this 20th day of October, 2022.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record